Avi Wagner, Esq. (SBN 226688)
**THE WAGNER FIRM**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 491-7949
Facsimile: (310) 694-3967
Email: avi@thewagnerfirm.com

*Attorney for DefendantWholesalefashionsquare.com, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL DYEING & PRINTING, INC., a California corporation, | ) Case No. 2:17-cv-02973-R-JPR )  )  ) **PROTECTIVE ORDER** |
| Plaintiff, | ) ) |
| vs. | ) ) |
| WHOLESALEFASHIONSQUARE.COM, INC., a California corporation; and DOES 1 through 10 | ) ) ) ) |
| Defendants. | ) ) ) |
| _____ | ) |

Pursuant to the parties Stipulation and good cause appearing, it is hereby ordered that:

1. For the purposes of this Stipulation and Order, the term "document" shall be given its broadest possible construction to include all written, recorded, electronic, or graphic matter whatsoever and all copies (identical or non-identical) thereof.

2. Any party may designate any Discovery Material as "Confidential" under the terms of this Stipulation and Order if the designating Party believes in good faith that such Discovery Material contains non-public, confidential, proprietary, or commercially or personally sensitive information related to financial, marketing or business plans, strategies or projections; proposed strategic transactions or other business combinations; business or asset appraisal information; trade secrets or other commercially sensitive business or technical information; confidential information provided by a third party; information concerning settlement discussions, demands, or offers; customer information; personal and business financial information and other nonpublic, sensitive or personal information.

3. All documents marked "Confidential" produced by any Party shall be maintained in confidence by the parties and shall not be disclosed except as permitted by this Protective Order, and only to the following persons:

   a) The Parties, as defined above, to this lawsuit ("Underlying Litigation");

   b) Outside counsel and inside counsel for the Parties, and any employees of such counsel, who are actively engaged in connection with the preparation for and trial of this litigation, or in monitoring such activities;

   c) Officers, directors and employees of the parties who are assisting in the preparation of or actively engaged in connection with or making decisions with respect to the preparation for and trial of this litigation,

or in monitoring such activities, provided that any such individuals have first agreed to be bound by this Order;

d) The Court and its officers, including but not limited to jurors impaneled in the trial of the Underlying Litigation and any appellate court considering an appeal from the Underlying Litigation;

e) Witnesses providing testimony at trial, but only at the time of such testimony and only as relevant and necessary to such testimony;

f) Third parties such as experts or consultants used to assist in this litigation, provided that the third party has signed an agreement in the form of Exhibit A attached hereto or the designating Party has waived such requirement in writing;

g) Party and nonparty witnesses in the Underlying Litigation being deposed, but only to the extent that such Confidential Information is necessary and relevant to said deposition, and provided that in the case of a deponent who is not also a Party, such deponent has signed an agreement in the form of Exhibit A attached hereto, or designating Party has waived such provision in writing.

A Party shall provide copies of any executed Exhibit A's that are utilized by that Party to all other parties within five (5) business days of obtaining such executed Exhibit A.

4. Access to all Documents marked "Highly Confidential Discovery Material", including any and all customer information, shall be limited to a party's attorneys only.

5. In the event of a dispute regarding the designation or disclosure of Confidential or Highly Confidential Discovery Material, the parties agree to follow the procedure of Local Rule 37. Either the parties will stipulate to file the Joint Stipulation required under Local Rule 37 under seal, or the party seeking the sealing of the Joint Stipulation will file an ex parte application to that effect. The parties

must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.

6. All individuals or entities permitted to access Confidential materials are hereby ordered not to show, convey, or reproduce any materials so designated, or parts thereof, or copies thereof, or any matter contained therein, or any extracts or summaries thereof, to any other individual or to any entity who would not otherwise have access to said materials under the provisions of this Order except as provided herein.

7. For depositions, the producing Party or any Party interested in protecting the confidentiality of any documents may indicate on the record at the deposition proceedings or otherwise by appropriate notice to the deposition officer that such documents are subject to this stipulation and order. In any event, at depositions, any documents marked as "CONFIDENTIAL" shall be protected by this stipulation and order.

8. If Confidential material is included in any papers to be filed in Court, such papers shall be accompanied by an application, pursuant to Local Rule 79-5.1, to file the papers – or the confidential portion thereof – under seal. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions therefore subject to the sealing application shall be lodged under seal. The application must show good cause for the under seal filing.

9. The only photocopies of materials designated Confidential that shall be made by any person or entity obtaining access to such documents are copies reasonably necessary for the use thereof as permitted by this Order.

10. In the event a subpoena calls for the production of any "Confidential" or "Highly Confidential" documents, data, materials, and information contained therein produced in this action by either Party, the Party or person receiving the subpoena shall immediately notify counsel for the other Party (or the Party, if not

represented by counsel) of the subpoena and shall cooperate with the other Party to lawfully resist any disclosure to which either Party has not consented.

11. The provisions of this Stipulation and Order shall, absent written permission of the Designating Party or further order of the Court, continue to be binding until the commencement of trial. In advance of the trial, the parties agree to meet and confer regarding extension of the Stipulation and Order, as well as procedures for post-Litigation return or destruction of Confidential or Highly Confidential Discovery Material.

12. Nothing herein is intended to waive any objections to the discoverability, admissibility or use of any documents produced in this litigation that are within or outside the scope of this stipulation and order, including but not limited to objections on the grounds of relevance, and/or privilege. Further, nothing in this Stipulation and Order shall be construed in any way as a finding by the Court that material designated as Confidential by a Party, or by a non-party agreeing to be bound by the terms of this Stipulation and Order, is confidential.

13. This Order shall not prevent the disclosure of Confidential material if the producing Party has consented to such disclosure, either in writing or in the records of any proceeding in this case, or if a Court having jurisdiction over the producing Party, after notice and an opportunity for the parties to be heard, orders such disclosure. No such express consent or order shall extend to any information except that specifically designated.

14. Nothing in this Stipulation or Order shall be deemed in any way to restrict the use of documents or information which are lawfully obtained or publicly available to a party independently of discovery in this action, whether or not the same material has been obtained during the course of discovery in the action and whether or not such documents or information have been designated hereunder. However, in the event of a dispute regarding such independent acquisition, a party

wishing to use any independently acquired documents or information shall bear the burden of proving independent acquisition.

15. Nothing in this Stipulation or Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Designated Material. In rendering such advice and otherwise communicating with the client, however, counsel shall not disclose any Designated Material, except as otherwise permitted by this Protective Order.

16. Nothing herein prevents a party from seeking leave to amend the complaint in this action or filing a separate action to pursue claims against potential defendant(s) based on information contained in Designated Material disclosed pursuant to this Stipulation and Order.

17. Any Party violating this stipulated order may be the subject of appropriate remedies as determined by the Court. The Parties may modify this stipulated order as the need arises by subsequent Order of the Court. But, the Court shall also retain and reserve jurisdiction at all times to modify and/or supplement this protective order as the needs of justice require.

18. The Parties recognize and acknowledge that, pursuant to Fed. R. Civ. P. 29, this stipulation is effective and enforceable when fully executed, and it shall relate back to the first instance of disclosures of documents in this action.

19. The inadvertent or unintentional disclosure by the designating Party or non-party of Protected Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the claim of confidentiality either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

20. This Stipulation and Order shall not preclude the parties or their attorneys from making any applicable claims of privilege during discovery or at trial, nor shall the order preclude the filing of any motion with the Court for

additional protections not provided by this Stipulation and Order, or for revisions of this Stipulation and Order.

21. This Order shall remain in full force and effect after the termination of this litigation, or until cancelled, vacated, or otherwise modified by this Court.

It is so ORDERED.

Dated: September 19, 2017

_____
The Hon. Manuel L. Real
United States District Judge

**Exhibit A**

I, _____ [print name], declare that I have been provided with a copy of the Stipulated Protective Order regarding the disclosures of, and protection of, certain types of information and documents during and after the above-captioned action before the United States District Court, Central District of California.

I have read the Stipulated Protective Order and understand its terms and provisions, by which I agree to be bound. Specifically, I agree to hold in my confidence any information or documents disclosed to me in conjunction with any part I take in this proceeding. I hereby submit to the jurisdiction of the United States District Court, Central District of California for the purposes of enforcing the terms of this Acknowledgement and Protective Order.

I declare under the penalty of perjury that these statements are true and correct.

Signature: _____

Name: _____

Title: _____

Date: _____